Martin. J.
delivered the opinion of the court. The petition charges that Mary Ann, a Chickasaw squaw, was by various means entrapped and conveyed to M. Songy, a planter, of the parish of St. James, then under the dominion of Spain—that, shortly after she had two children, Ulzere and Frances, two of the plaintiffs, who were duly baptised, and whose certificates of baptism will be produced at the trial ; that afterwards Frances bore Marie Therese and Casimir, the two other plaintiffs, who were also duly baptised and whose certificates of baptism will also be produced at the trial ; that Mary Ann, during her life was considered as an Indian woman ; whom it was unlawful and unjust, to hold in slavery. That an attempt having been mode to restrain her, she left M. Songy’s plantation and came to New-Orleans, where she made Application to the baron de Carondelet, then governor of the province, who gave her a letter to the commandant of the parish of St. James, which produced her liberation from all restraint, and she died a free *156 pauper, in the hospital of New-Orleans. That when she last came away from the parish of St. James, she left the plaintiffs Ulzere and Frances, under the care and protection of M. Songy, on whose death the defendant, as heir of the said M. Songy, possessed himself of the persons of the plaintiffs, as part of the estate, and keeps and detains them in slavery.
The defendant pleaded the slavery of the plaintiffs, his property in them and the general issue.
The plaintiffs submitted the following issues to the jury, who found them to be true.
1. The plaintiffs are descended from an Indian woman of the Chickasaw tribe.
2. The Chickasaws now are, and ever have been, a free and independent nation.
3. Their independence has been recognized by the nations, who have successively possessed and governed Louisiana.
4. Reducing Indians to slavery has been prohibited by the French, as well as the Spanish government.
5. The color of the plaintiffs shews them to be of Indian origin.
6. The defendant has shewn no title, by which he can hold the plaintiffs as his slaves.
There was judgment for the plaintiffs and the defendant appealed.
*157 The record contains several bills of exceptions, the depositions of a number of witnesses, and some documents.
1. The first bill is to the opinion in overruling the defendant’s objections to the facts thus offered to be submitted to the jury, on the score of some not being pertinent, and all of them illegal.
2. The next is to the opinion of the court in overruling the objection of the defendant’s counsel to the reading of a paper, purporting to be a judgment in favour of an Indian woman of the Natchez tribe.
3. Another is to the examination of Francis Dreux, upon the fact of the baron de Carondelet, liberating by a decree all Indians in slavery.
4. Another to the examination of the same witness, Guinault and others, to the contents of decrees of governors O’Reilly and Carondelet.
5. The next is to the examination of witnesses to prove certain ordinances of the king of France.
6. The last is to the admission of an amendment to the petition towards the end of the trial, after the testimony was closed.
I. The first and fifth issues appear to us pertinent and were properly admitted.
*158 The second is an historical fact, the pertinency of which is not very apparent. The independence of the Chickasaw nation, goes but a little way to establish the freedom of an individual of it. Many negro tribes, individuals of which are held in slavery, are independent. Inhabitants of a colony are individually as free as those of the metropolis.
If the independence of the nation be immaterial, the recognition of that independence cannot be material.
The abstract proposition, that the French and Spanish governments prohibited the reduction of Indians to slavery, is considered by this court as a question of law ; and the parish court, in our opinion, erred, in submitting it to the jury as one of fact.
The principal issue, in this case, was liberi vel non : the title, therefore, of the defendant to the plaintiffs as his slaves was erroneously submitted to the jury. They were free or not. If free, it is clear they were not the subject of property and no title to them could exist in any body. It they were slaves, they had no right to contest, no faculty to stand in judgment on the question of the defendant’s title. Robinette vs. Trudeau’s ex’rs. 1. Martin, 580.
*159 II. Nothing shewing that any of the parties in the present suit were so to the judgment in favour of an Indian woman of the Natchez tribe, the record of the suit, in which she was liberated, was improperly read. The suit was res inter alios acta and the parish judge erred in overruling the defendant’s objection. Morgan vs. Livingston & al. 6 Martin, 227.
III. Decrees of the governors of Louisiana, and ordinances of the kings of France, are matters of record, not susceptible of being proved by witnesses, until the loss or destruction of the originals, and the absence of copies be established. The parish judge, therefore, erred in overruling the objections of the defendant’s counsel, recorded in the third, fourth and fifth bills of exceptions.
IV. The last bill of exceptions is to the opinion of the court, in allowing an amendment to the petition, after the testimony was closed. This amendment is the addition of the following paragraph : “ And your petitioners further shew, that from and in consequence of the facts and circumstances alleged in their petition, they are and each of them, is entitled to freedom in virtue of the third article of the *160 treaty between the United States and the French republic, by which the colony or province Louisiana, was ceded to the United States.” The application for leave to add this clause or paragraph was made on the authority of 1 Binney, 368. 2 id. 291. 2 Strange, 1151. 1 Douglas, 151.
We cannot well see the object of this amendment. The constitution and treaty, to which the plaintiffs refer, being the supreme law of the land, the court was bound to take notice of them, without their being pleaded. We are, however, unconscious of any disadvantage that may result to the defendant, from the admission of the amendment, and we cannot say that the court erred in permitting it.
It is, therefore, ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and the case is remanded for trial, with directions to the judge to strike out the fourth and sixth facts. We permit the rest to remain, because, although the pertinency of some of them be not obvious, we wish not to deprive the plaintiffs from any advantage which their counsel may contemplate from the finding of the jury. We further direct the parish judge not to admit the record *161 of the suit in favour of the Indian woman of the Natchez tribe, in evidence, nor allow any parol evidence of the contents of any decree or ordinance of the governors of Louisiana, or French king, unless the destruction of the original be proven.
Davesac for the plaintiffs, De la Chaise for the defendant.